IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **01-cv-2313-JLK**

**GLN COMPLIANCE, INC.**,

    Plaintiff,

v.

**JONATHAN ROSS**,

    Defendant.

## ORDER ON PENDING MOTIONS

Kane, J.

This matter is before me on Defendant Jonathan Ross's Motions to Dismiss for Improper Venue, or, Alternatively, to Transfer Venue and Motion to Dismiss Outrageous Conduct Claim (Doc. 89) and Plaintiff's Motion for Entry of Default for Failure to File an Answer (Doc. 95). I have reviewed the Motions and the parties' briefs, and rule as follows:

A.    GLN is incorrect that Ross waived his right to challenge venue or to assert a Rule 12(b)(6) defense to the outrageous conduct claim. While United Airlines and its d/b/a entities were parties to this action, venue was proper. And while Ross may have challenged the outrageous conduct claim previously, his failure to do so cannot serve as a bar to a defense against a non-existent or legally deficient claim.

B.    The Motion to Dismiss for Improper Venue, however, is DENIED on its merits for

the same reason that, at the time GLN filed its Complaint and until United was dismissed, venue in Colorado was not improper.  Now that United is no longer a party to this case, Ross's alternative Motion to Transfer Venue is colorable but it, too, is DENIED on its merits.

B.      Section 1404(a) of title 28, United States Code, provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party seeking to transfer a case pursuant to section 1404(a) has the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Under *Chrysler*, the decision of whether to transfer lies within the sound discretion of the district court, *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978), based upon consideration of the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.* at 1516.  With regard to the foregoing factors, I find as follows:

1. Plaintiff chose the District of Colorado as the forum.

2. The witnesses necessary for trial are located in Colorado, New York, California, Michigan, Texas, Florida, Missouri, Illinois, Arizona, and Nevada. No significant difference in availability of compulsory process or accessibility of witnesses exists between Colorado and New York.

3. The cost of making necessary proof in this case rests largely with GLN and no showing has been made that records or other data will be less costly to produce in New York than in Colorado.

4. No significant question has been raised as to any difficulties in enforcing any judgment obtained here in Colorado.

5. I perceive no difference in the ability of the parties to obtain a fair trial in either venue.

6. There is no greater difficulty with congested dockets in Colorado than the Southern District of New York. In fact, the docket in this particular court of a senior judge is significantly less congested.

7. The same law applies in this district as in New York with the exception of GLN's outrageous conduct claim, which Ross defends using applicable Colorado state law standards.

8. To the extent any particular law governs, Colorado law applies.

9. The only practical consideration is that Defendant would find it more convenient to litigate in New York. Plaintiff, however, has the choice of forum and

convenience is an insufficient reason to override that selection.

"Where a transfer of an action would simply shift the convenience from one party to another, the transfer should be denied." *Hirsch v. Zavaras*, 920 F. Supp. 148, 151 (D. Colo. 1996). Unless the balance of convenience is strongly in favor of the movant, the plaintiff's choice of forum should not be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Considering the parties' arguments under the standard stated above, I find Defendant Ross has failed to establish that the balance of equities tips in favor of transfer to the Southern District of New York and therefore deny the Motion to Transfer.

C. Ross's Motion to Dismiss GLN's claim for outrageous conduct is GRANTED. Under Colorado law, emotional distress is a constituent element of the tort, not merely a matter of damages, and a corporation cannot experience or prove emotional distress.

D. GLN's Motion for Entry of Default is DENIED. Again, Ross's entitlement to challenge venue arose only after United and its related entities were dismissed, and Ross's failure to answer GLN's complaint to pursue the issue was neither a contravention of my order directing him to answer nor within the contemplation of Fed. R. Civ. P. Rule 55 as a failure to answer.

BASED ON THE FOREGOING, Defendant Ross's Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue and Motion to Dismiss Outrageous Conduct Claim (Doc. 89) is GRANTED with respect to the outrageous conduct claim and DENIED in all other respects. Plaintiff GLN's Motion for Entry of Default (Doc 95) is

also DENIED. Defendant Ross shall file his Answer to GLN's Complaint on or before December 27, 2007. The matter will be set for a status/scheduling conference as soon thereafter as the court's calendar will allow.

Dated December 11, 2007.

                                                 **s/John L. Kane**
                                                 SENIOR U.S. DISTRICT JUDGE