**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 01-cv-2313-JLK-CBS

**GLN COMPLIANCE GROUP, INC.,**

Plaintiff,

**v.**

**UNITED AIRLINES, INC., d/b/a UNITED BIZJET HOLDINGS, BIZJET CHARTERS, INC., AND BIZJET SERVICES, INC., AND JONATHAN ROSS**

Defendants,

**v.**

**GERALD NAEKEL,**

Third-Party Defendant.

---

**AMENDED STIPULATED SCHEDULING AND DISCOVERY ORDER**

---

**1. DATE OF CONFERENCE**

A Scheduling and Discovery Conference was held on February 26, 2008.

**2. STATEMENT OF CLAIMS AND DEFENSES**

    **a.**    **Plaintiff GLN Compliance Group, Inc.'s statement of claims and defenses:**

GLN Compliance Group, Inc. ("GLN"), alleges the following claims against Defendant Jonathan Ross ("Ross"): (1) Civil Theft pursuant to section 18-4-405, C.R.S. and; (2) Tortious Interference with Contract. GLN's claims arise out of Ross's interference with GLN's existing contractual relationship with United Airlines and its subsidiaries in order to benefit himself.

Further, GLN claims that Ross directed and participated in the theft of GLN's property, namely flight manuals and other trade secrets and confidential and proprietary information owned by GLN. Ross's conduct was the direct and proximate cause of damages and losses to GLN in amount to be proven at trial.

Ross has asserted the following counterclaims against GLN and Naekel: (1) Defamation; (2) Outrageous Conduct; and (3) Abuse of Process. GLN denies these allegations, primarily on the basis that the substance of GLN's statements were true. Further, the vast majority of GLN's allegedly defamatory statements were made in 2002 and, as a result, all or part of Ross's defamation claim is time-barred under the applicable statute of limitations.

**b. Defendant and Counterclaim Plaintiff Jonathan Ross's statement of claims and defenses:**

Ross asserts counterclaims for Defamation/Libel Per Se, Outrageous Conduct and Abuse of Process against Plaintiff GLN Compliance Group, Inc. ("GLN") and third party claims against Gerald Naekel ("Naekel"), the principal of GLN for Defamation/Libel Per Se and Outrageous Conduct.

Ross's claims for Defamation/Libel Per Se and Outrageous Conduct are based on GLN's and Naekel's false and outrageous statements concerning Ross, which they have collectively broadcast to third parties via e-mail and to the public on GLN's website since 2002, which statements accuse Ross of theft, conspiracy to commit a felony, lying and other wrondgdoing. Ross's claim for Abuse of Process is based on the Court's December 11, 2007 dismissal of GLN's claim against Ross for Outrageous Conduct for failure to state a cognizable claim under Colorado Law.

Ross's Defamation and Outrageous Conduct claims are not barred by the statute of limitations because Ross was not required to answer or otherwise respond to GLN's Amended Complaint during the stay period that resulted from United Airlines, Inc.'s ("United") Chapter 11 bankruptcy and because GLN's and Naekel's unlawful conduct, which is the basis of those claims continued through Fall 2007 when the stay was lifted.

Ross denies all claims against him in GLN's Amended Complaint. GLN's Civil Theft and Civil Conspiracy claims contain vague factual allegations in support of those claims. Ross is unable to determine exactly what GLN alleges has been stolen and/or what conspiracy allegedly occurred. As a general matter, Ross denies that he directed or participated in any theft of GLN's property, such as flight manuals or any other alleged "confidential or proprietary" information belonging to GLN. All flight manuals submitted to the Federal Aviation Administration on behalf of United's business charter airlines belonged to United. Ross further denies that he was involved in or organized a conspiracy against GLN to steal ay materials or information from GLN. Finally, Ross denies GLN's claim that Ross interfered with GLN's contract with United to benefit himself. Rather, on information and belief, United terminated the contract for its own reasons.

    c.    **Other claims.**

GLN and United's breach of contract claims against each other have been transferred to the U.S. District Court for the Northern District of Illinois.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

a. The Court has determined that jurisdiction is proper in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1332(a).

b. GLN Compliance Group, Inc. is a Colorado Corporation, with its principal place of business located at 17011 Lincoln Avenue, #531, Parker, CO 80134

c. Jonathan Ross is an individual who resides in New York.

d. GLN Compliance Group entered into a contract with United Airlines, Inc., in September of 2000.

e. In March of 2001, GLN and United Airlines, Inc. amended the September 2000 contract.

## 4. COMPUTATION OF DAMAGES

**a. Plaintiff GLN Compliance Group's Damages:**

1. Approximately $783,505.00 in damages and losses resulting from United Airline's breach of contract caused by Jonathan Ross's tortious interference with contract.

2. Approximately $400,000.00 in damages (including diminished value) resulting from Jonathan Ross's participation in the theft of flight manuals and other confidential and proprietary information owned by GLN.

3. Treble damages, attorney fees, and pre-judgment interest as provided for by Colorado law.

**b. Defendant/Counterclaim Plaintiff Jonathan Ross's Damages:**

Ross has incurred significant damages and losses resulting from GLN's and Naekel's false and outrageous statements, including damages in the form of lost reputation and business opportunities. Ross is also seeking punitive damages in connection with his claims for

Defamation/Libel Per Se, Outrageous Conduct and Abuse of Process, in accordance with Colorado law. Ross has also incurred attorney's fees and costs, in an amount to be determined, in defense of GLN's failed Outrageous Conduct claim and the remaining frivolous and groundless claims.

## 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R.Civ. P. 26(f)

a. **Date of Rule 26(f) meeting:** January 30, 2008.

b. **Names of each participant and each party represented:**

Stephen Gurr, Esq.
Amy Arlander, Esq.
Kamlet Shepherd & Reichert LLP
1515 Arapahoe Street, Ste 1600
Denver, CO 80202
*Former attorneys for Jonathan Ross*


Daniel A. Wartell, Esq.
Starrs Mihm & Cashette LLP
707 Seventeenth Street, Ste 2600
Denver, CO 80202
*Former attorneys for Gerald Naekel and GLN Compliance Group, Inc.*


Mark T. Barnes, Esq.
Brownstein Hyatt Farber Schreck PC
410 17th Street, Ste 2200
Denver, CO 80202
*Attorney for United Airlines, Inc.*

In addition, current counsel, David W. Krivit and Michael L. Poindexter, have held several teleconferences over the last few months regarding amendments to this Scheduling Order.

    **c.    Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1):**
None.

    **d.    Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

GLN and Naekel served their Rule 26(a)(1) disclosures on February 13, 2008.

Ross served his Rule 26(a)(1) disclosures on February 13, 2008.

    **e.    Statement concerning any agreements to conduct informal discovery:**

The parties have not entered into any agreements to conduct informal discovery.

    **f.    Statement concerning any agreements or proposals regarding electronic discovery:**
Ross was informed by GLN's and Naekel's prior counsel that GLN suffered a catastrophic computer failure sometime in 2003. GLN and Naekel have represented to Ross that GLN's entire e-mail database was lost in that crash. Ross has no proposal to offer with respect to the issue of obtaining electronic or computer-generated files from GLN in light of this information, but Ross is concerned that a majority of the evievidence that supports his claims for defamation and outrageous conduct may have been compromised by GLN's apparent computer failure.

    **g.    Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

None.

**h.      Statement regarding whether the parties intend to use a unified exhibit numbering system:**

The parties intend to use a unified exhibit numbering system.

### 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

**a.      Deadline for Joinder of Parties**

April 11, 2008.

**b.      Deadline to Amend Pleadings**

April 11, 2008.

**c.      Discovery Cut-off**

July 16, 2009.

**d.      Dispositive Motion Deadline**

August 16, 2009.

**e.      Expert Witness Disclosure**

(1)     Statement regarding anticipated fields of expert testimony, if any:

Plaintiff GLN anticipates retaining an expert to testify regarding the value of the stolen flight manuals and other confidential and proprietary information related to its claim for Civil Theft.

(2)     Statement regarding any limitations proposed on the use or number of expert witnesses:

The parties propose that the number of expert witnesses per party be limited to one. Ross anticipates that he will engage a rebuttal expert.

   (3) Claiming parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 16, 2009.

(4) Defending parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 16, 2009.

   (5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

  **f.** **Deposition Schedule**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Jonathan Ross | TBD | | 7 hours |
| Gerald Naekel | TBD | | 7 hours |
| James Davidson | TBD | | 7 hours |
| Tom Davis | TBD | | 7 hours |
| Howard Hackney | TBD | | 7 hours |
| Stuart Oran | TBD | | 7 hours |
| David Hobsgood | TBD | | 7 hours |
| John Creighton | TBD | | 7 hours |

  **g.** **Interrogatory Schedule**

Initial interrogatories have been served and answered. The parties reserve the right to issue additional interrogatories, provided the responses are due before the discovery cut-off.

**h.** **Schedule for Request for Production of Documents**

Initial document requests have been served and answered. The parties reserve the right to issue additional requests, provided the responses are due before the discovery cut-off.

**i.** **Discovery Limitations**

(1) The parties do not proposed any limitations on the length of the depositions, beyond the presumptive 7 hour limitation.

(2) The parties do not propose any modifications to the presumptive number of interrogatories contained in the Federal Rules.

(3) The parties propose that the number of requests for production of documents and/or requests for admissions be limited to 30 each per party.

**j.** **Other Planning or Discovery Orders**

None.

## 7. SETTLEMENT

The parties agreed to attend a settlement conference with Magistrate Judge Craig Shaffer. On December 19, 2008, the parties submitted detailed settlement memoranda to Magistrate Judge Shaffer. On December 30, 2008, a settlement conference was held with Magistrate Judge Shaffer, and both parties were in attendance. Although the matter did not settle, the settlement conference was productive in streamlining the issues, strengths and weaknesses of each parties' case. Magistrate Judge Shaffer offered to continue to conduct settlement conferences after depositions are taken as the parties' settlement postures may change as a result. The parties would like to have Magistrate Judge Shaffer's continued involvement.

## 8. OTHER SCHEDULING ISSUES

a. GLN and Naekel intend on waiving their right to a jury trial and asking for a bench trial to the Court. As such, motions *in limine* may not be necessary. The parties anticipate that they will require 4 days for a bench trial.

b. The parties are unaware of any motions that may be filed at this time.

## 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.

DATED this 21st day of January, 2009

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE, Senior Judge
United States District Court

**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**


s/s David W. Krivit                             s/s Michael L. Poindexter
16748-9C East Smoky Hill Rd.          2132 Montane Dr. East
Centennial, CO  80015                      Golden, CO  80401
Telephone: 303-704-7625                 Telephone: 303-526-1980
Fax: 866-941-4609                             Fax: 303-526-1981
Email: **david@krivitlaw.com**            Email: **poinlaw@aol.com**

Attorney for Plaintiff and Third-        Attorney for Defendant/Counterclaimant and Third-Party Plaintiff  Ross

Party Defendant Naekel