IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 01-cv-2313**

**GLN COMPLIANCE GROUP, INC.,**
    Plaintiff,
v.
**JONATHAN ROSS,**
    Defendant and Counterclaimant and Third Party Plaintiff,
v.
**GERALD NAEKEL,**
    Third-Party Defendant.

ORDER

**Kane, J.**

This matter is currently before me on Plaintiff's and Third-Party Defendant's Motion Under Fed. R. Civ. P. 59 to Alter or Amend Judgment (doc. 223). Plaintiff and Third-Party Defendant raise three concerns. First, they question whether I considered the entire record in reaching my judgments because portions of its proposed findings of fact and conclusions of law were omitted from my Memorandum Opinion and Order. Second, they question whether my judgment in favor of Counterclaimant Ross on his claims for intentional infliction of emotional distress and outrageous conduct is consistent with the Supreme Court's recent decision in *Snyder v. Phelps*, 131 S. Ct. 1207 (2011). Finally, they question whether my finding as to Mr. Naekel's credibility was based upon findings in a state case introduced as evidence at trial by Defendant's counsel. For the reasons stated below, these three concerns are without merit, and they do not warrant

reconsideration of my judgments.

## LEGAL STANDARD

A motion to reconsider under Rule 59 is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). It is only proper when the court has "made a mistake not of reasoning but of apprehension . . . [or] if there has been a significant change or development in the law or facts since submission." *EEOC v. Foothills Title Guar. Co.*, 1991 WL 61012 at *3 (D. Colo. April 12, 1991), *aff'd*, 956 F.2d 277 (10th Cir. 1992); *see Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)(explaining the law of the case doctrine generally requires a court to adhere to its rulings in the interest of expeditious resolution of disputes and to prevent continued reargument of issues already decided).

## ANALYSIS

Plaintiff's and Third-Party Defendant's belief to the contrary, I thoroughly considered the entire record in reaching my judgments in this case, including the trial testimony and exhibits relevant to pages 14 through 33 of Plaintiff's and Third-Party Defendant's findings of fact and conclusions of law. The reason there is limited citation to the exhibits and trial testimony relating to those issues is because they were and remain irrelevant to the determination of the claims at issue. Despite Plaintiff's and Third-Party Defendant's wishes to the contrary, Donald Ross – not United Airlines – was on trial. I understand that Plaintiff and Third-Party Defendant have numerous outstanding grievances with United Airlines, however this is not the proper forum for the airing or resolution of those grievances. *See* Order Staying Case as to United

Airlines (doc. 52).  There was no misapprehension of the factual issues relevant to the resolution of the claims at issue, and this is not grounds for reconsideration.

I have reviewed Plaintiff's and Third-Party Defendant's arguments relating to *Snyder v. Phelps*, and I find them inapplicable for the same reasons cited above.  Although Naekel's statements relating to the existence of an allegedly improper relationship between United Airlines and the Federal Aviation Administration may be a matter of public concern, those statements were not at issue in this case.  Mr. Ross's counterclaims were based entirely on Naekel's statements relating directly to Ross.  These are not by any measure matters of public concern protected by the First Amendment.  Accordingly, this "significant change in the law" is not relevant and provides no basis for reconsideration of my judgment.

Finally, Plaintiff's and Third-Party Defendant's concern that my credibility determinations were based on a state court order are unfounded.  I observed hours of testimony from Mr. Naekel and reviewed countless exhibits in reaching my decision.  My finding relating to Mr. Naekel's credibility was based solely on the evidence and testimony presented in this trial.

## CONCLUSION

Based on the foregoing discussion and analysis, Plaintiff's and Third-Party Defendant's Motion for Reconsideration is DENIED.

Dated:  April 26, 2011                                                         BY THE COURT:

**/s/John L. Kane**
Senior U.S. District Judge